[Criminal No. 536. Filed June 28, 1922.]

[207 Pac. 873.]

GREER SMITH, Appellant, v. STATE, Respondent.

WITNESSES — PROSECUTRIX IN STATUTORY RAPE COMPETENT EVEN THOUGH SUBSEQUENT TO COMMISSION OF OFFENSE SHE MARRIED ACCUSED.—Under the express provisions of Penal Code of 1913,

On competency of husband or wife as witness against the other in prosecution for rape, note, L. R. A. 1917E, 1134.

Husband and wife as witnesses for or against each other in criminal prosecutions, note, 106 Am. St. Rep. 763.

section 248, in a prosecution for statutory rape, the prosecutrix
was a competent witness against accused, even though subsequent
to the commission of the offense she became his lawful wife.

APPEAL from a judgment of the Superior Court
of the County of Maricopa. R. C. Stanford, Judge.
Affirmed.

Mr. David A. Keener, for Appellant.

Mr. R. E. L. Shepherd, County Attorney, and Mr.
W. J. Galbraith, Attorney General, for the State.

ROSS, C. J.—Greer Smith appeals from an order
overruling a motion for a new trial, and from a judg-
ment of conviction of the crime of rape. The informa-
tion charged the offense as having been committed
on or about the eighteenth day of January, 1921,
against a female person of the age of fourteen years.
Thereafter, and before the trial, but not before his
arrest, appellant and the prosecutrix were married,
and at the time of the trial it is conceded by the state
they were husband and wife. The prosecutrix was
called by the state as a witness, and over the objec-
tions of the appellant was permitted to testify to acts
of sexual intercourse between herself and appellant
at times before they were married. This is assigned
as error, it being contended by appellant that, being
then his wife, the prosecutrix was not competent to
testify to the criminal acts committed against her
before she became his wife. The solution of this
question involves the construction of our statute
upon the competency of witnesses in criminal cases.

"According to the common-law rule the husband
or wife was regarded as incompetent to testify either
for or against the other. Such persons were excluded
upon what were deemed to be reasons of public policy.
The exclusion rested not alone upon the fact of their
interests being considered identical. It was thought
that by not permitting their testimony to be received

dissensions and distrust between them would be avoided, which result it was believed would not ensue in many cases if they testified to the truth. Furthermore their desire frequently to avoid such a result or to protect each other was regarded as a strong incentive to the commission of perjury. In view of such considerations as these, variously expressed by the courts, it was considered that the policy of the law would be better served by refusing to permit them to testify under such circumstances.'' 5 Chamberlayne on Modern Law of Evidence, § 3655; 4 Jones Commentary on Evidence, § 734.

The common-law rule thus stated has been materially changed by our statute. Section 1228 of Penal Code of 1913 has made the following exceptions to the common-law rule: First, where one of the spouses is being tried for a crime committed during the marital relation against the other, the latter is a competent witness. Second, the wife is a competent witness against her husband upon the criminal charge of abandonment or failure to provide for her or their children. By section 1228, *supra,* the common-law rule is further modified, so that the spouses are not compellable to testify for or against each other, but may do so upon consent or request: (1) Upon consent of the spouse on trial for crime, the other may testify in all cases. (2) Upon request a spouse may be a witness for or against the other when the latter is being tried ''for bigamy or adultery committed by either husband or wife, or for rape, seduction or the crime against nature, or any similar offense, committed by the husband.'' Without determining whether the present case falls within any of the exceptions enumerated in section 1228 of the Penal Code, we think it quite clear the wife was competent to testify under the provisions of section 248 of the Penal Code, which reads as follows:

''Any such female referred to in the foregoing shall be a competent witness in any prosecution under

this chapter to testify to any and all matters, including conversation with the accused, or by him, with or by third persons in her presence notwithstanding her having married the accused either before or after the violation of any of the provisions of this chapter.''

''This chapter'' referred to in section 248, is chapter 1 of title 9, entitled, ''Rape, Abduction, Carnal Abuse of Children, and Seduction.'' This chapter, as it appears in the Penal Code of 1913, is made up of chapter 1, title 9, of the Penal Code of 1901, and chapter 31, Laws of Special Session of 1912, entitled, ''An act in relation to pandering, to define and prohibit the same, and to provide for the punishment thereof.'' In other words, chapter 1, title 9, of the Penal Code of 1913, is made up of the two chapters named above. There is no question but that section 248, *supra,* as it was originally written, limited the testimonial competency of the female suffering wrongs to those enumerated in chapter 31. It is, however, quite as clear, from its present position, that its terms have been extended, so that such female is a competent witness to any of the wrongs committed against her enumerated in sections 231 to 241 of such chapter, as much so as any wrongs to her enumerated in sections 242 to 246 of said chapter. As to the intention of the legislature, it would seem that there would be no doubt. The language employed is plain and comprehensive—not to be mistaken as to its meaning. It makes a competent witness of any female who has suffered any of the wrongs enumerated in chapter 1, title 9, of the Laws of 1913, ''to testify to any and all matters, including conversation with the accused, or by him, with or by third persons in her presence notwithstanding her having married the accused, either before or after the violation of any of the provisions of this chapter.''

Counsel for appellant very ably insists that section 248 should be given its meaning as it originally appeared in chapter 31, Laws of Special Session of 1912, basing his contention on the application of the well-known principle that revisers of the law are presumed not to change the law unless it clearly appears that it was the intention to do so. But a mere statement of the principle, we think, disposes of the contention. Section 248 is identical with section 7, chapter 31, *supra,* except the words, "this chapter" are substituted in section 248 for the words "this act," as they appear in section 7. If this change had not been made in the compilation and revision of the criminal laws, there would be reasons to sustain appellant's contention. By the change it is made to affirmatively appear that the legislature intended that a female wronged in any of the ways mentioned in chapter 1, title 9, Penal Code of 1913, should be competent to testify to such wrongs, whether committed against her before or after marriage.

The offense for which appellant was tried, to wit, statutory rape, is one of the offenses defined in said chapter 1, title 9, of the Penal Code of 1913, and is therefore an offense in which the prosecutrix was a competent witness, even though subsequent to its commission she became the lawful wife of appellant.

The other assignments of error become immaterial in view of the court's ruling on the competency of the prosecutrix to testify, since in no aspect of the case could they prejudice appellant's rights.

The judgment is affirmed.

McALISTER and FLANIGAN, JJ., concur.